UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

JOHNVON FULGHAM #251132,

                Plaintiff,                      Case No. 2:07-cv-88

v.                                        Honorable Robert Holmes Bell

KEITH SNYDER,

                Defendant.
_____/

## REPORT AND RECOMMENDATION

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. On June 14, 2007, this Court ordered service of Plaintiff's complaint on Defendant Chaplain Keith Snyder. On August 1, 2007, Defendant filed a motion for summary judgment (docket #8) on the ground that Plaintiff failed to exhaust his available administrative remedies. Plaintiff filed a response (docket #16) and brief (docket #17) on or about August 31, 2007. Upon review, I recommend that Defendant's motion for summary judgment be granted.

## Applicable Standard

        Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir.), *cert. denied*, 126 S. Ct. 650 (2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir.), *cert. denied*, 126 S. Ct. 338 (2005). The standard for determining whether summary judgment

is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see also Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

A prisoner's failure to exhaust his administrative remedies is an affirmative defense for which Defendant has the burden to plead and prove. *Jones v. Bock*, 127 S. Ct. 910, 919-21 (2007). A moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief of the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The United States Court of Appeals for the Sixth Circuit repeatedly has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no

2

reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM

MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d

at 1056 (same).   Accordingly, a summary judgment in favor of the party with the burden of

persuasion "is inappropriate when the evidence is susceptible of different interpretations or

inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## Facts

Plaintiff is presently incarcerated at the Baraga Maximum Correctional Facility

(AMF). In his *pro se* complaint, he sues Chaplain Keith Snyder.  Plaintiff alleges that he is a

practicing Muslim and was participating in the Ramadan fast in 2005.  Ramadan lasts from the

beginning of October until the beginning of November.  Plaintiff states:

> At some point I was removed from the Ramadan participation and on
> October 24, 2005, I was no longer given Ramadan and so I consulted
> Chaplain Snyder as a means of correcting this problem and he did not
> do anything.  He blamed it on food service and so I consulted food
> service Stewardess Paquette and was told that she does not create
> changes on the list, but that this can only be done by the Chaplain and
> after investigation I discovered that the Chaplain is responsible for
> placement on or removal from the Ramadan participation and
> correction of any problems.

Plaintiff claims that this conduct violated his rights under the First and Fourteenth

Amendments.  Plaintiff seeks damages and equitable relief.

## Discussion

Defendant claims that he is entitled to summary judgment because Plaintiff failed to

exhaust his available administrative remedies.  Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing

an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available

administrative remedies.  *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532

3

U.S. 731, 733 (2001).  A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process.  *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999).  In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules.  *Jones v. Bock*, 127 S. Ct. 910, 922-23 (2007); *Woodford v. Ngo*, 126 S. Ct. 2378, 2386 (2006).  "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'"  *Jones*, 127 S. Ct. at 922-23.

MDOC Policy Directive 03.02.130 (effective Dec. 19, 2003)[1], sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint.  Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control *Id.* at ¶ R.  If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution.  *Id.* at ¶¶ R, X.  The Policy Directive also provides the following directions for completing grievance forms: "The issues shall be stated briefly.  Information provided shall be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how).  Dates, times, places and names of all those involved in the issue being grieved are to be included."

---

[1]The MDOC recently amended Policy Directive 03.02.130 on July 9, 2007.  However, the 2003 version of the policy directive was in effect at all times applicable to this lawsuit.

4

*Id.* at ¶ T (emphasis in original).  The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent.  *Id.* at ¶ Y.

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within five business days of the response, or if no response was received, within five days after the response was due.  *Id.* at ¶¶ R, DD.  The respondent at Step II is designated by the policy, *e.g.,* the regional health administrator for a medical care grievances.  *Id.* at ¶ FF.  If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III using the same appeal form. *Id.* at ¶¶ R, HH.  The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* at ¶ HH.  The Prisoner Affairs Section is the respondent for Step III grievances on behalf of the MDOC director.  *Id.* at ¶ II.  Time limitations shall be adhered to by the inmate and staff at all steps of the grievance process.   *Id.* at ¶ U.  "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall be completed within 90 calendar days unless an extension has been approved . . . ."  *Id.*

In addition, the grievance policy provides that, where the grievance alleges staff brutality or corruption, the grievance may be submitted directly to Step III.  *Id.* at ¶S.  In such instances, the grievance must be filed within the time limits prescribed for filing grievances at Step I. *Id.*

In his brief in support of the motion for summary judgment, Defendant states that Plaintiff was removed from the Ramadan fast on October 15, 2005, because he got a major misconduct ticket for sexual misconduct (*see* Defendant's Exhibit 3) and was placed on food loaf

from October 15, 2005, to October 22, 2005.  Defendant asserts that Plaintiff filed one grievance during this time period, on October 24, 2005.  This grievance named "the director of food service" and was exhausted through step III.  (*See* Defendant's Exhibit 2.)  Defendant states that Plaintiff did not file any other grievances and offers a copy of a grievance inquiry in support of this assertion. (*See* Defendant's Exhibit 1.)  Because Plaintiff did not name the Defendant in his grievance, Defendant asserts that he is entitled to summary judgment for failure to exhaust administrative remedies.

In Plaintiff's brief in opposition to the motion for summary judgment, he states that he did not name Defendant in his step I grievance, because it was only through the grievance process that he learned that Defendant was responsible for the alleged deprivation.  Therefore, Plaintiff claims that he was unable to name Defendant in his grievance.  However, Plaintiff does not explain why he did not file a grievance naming Defendant once he discovered who was responsible for the deprivation of his Ramadan meal bags.  The Sixth Circuit rejected an argument that later similar act could not be exhausted because they would be rejected as duplicative.  "If [the prisoner] had filed a grievance that was denied as duplicative he would have exhausted administrative remedies and been permitted to file a complaint. However, he may not merely assume that a grievance would be futile and proceed directly to federal court with his complaints."  *Wells v. Neva*, No. 00-1030, 2000 WL 1679441, at *2 (6th Cir. Nov. 1, 2000).  As noted above, dates, times, places and names of all those involved in the issue being grieved are to be included."  MDOC Policy Directive 03.02.130, ¶ T (emphasis in original).  Accordingly, in the opinion of the undersigned, Defendant has met his burden of showing that he is entitled to summary judgment for Plaintiff's failure to comply with the exhaustion requirement.

6

**Recommended Disposition**

For the foregoing reasons, I recommend that Defendant's motion for summary judgment (docket #8) be granted and Plaintiff's complaint be dismissed.

 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   February 26, 2008

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).